630 So.2d 911 (1993)
Rita OALMANN, wife of/and Robert Oalmann,
v.
K-MART CORPORATION.
No. 93-CA-1185.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
Writ Denied March 18, 1994.
Matthew J. Ungarino, Metairie, for appellant.
Sidney D. Torres, III, Gregory J. Noto, Law Offices of Sidney D. Torres, III, Chalmette, for appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
CIACCIO, Judge.
Defendant, K-Mart Corporation, appeals from a trial court judgment in favor of plaintiffs, *912 Rita and Robert Oalmann, in this personal injury case. We affirm.
On appeal, K-Mart argues that plaintiffs failed to satisfy their burden of proof required under R.S. 9:2800.6(B). Specifically, K-Mart contends plaintiffs failed to introduce testimony from store employees and/or documentary evidence regarding the accident and the store's clean-up procedures which proved that it had constructive notice of the hazardous condition and that it failed to exercise reasonable care. K-Mart further argues plaintiffs failed to prove Mrs. Oalmann's injuries were related to her fall.
The trial judge, in well written reasons for judgment, set forth his findings of fact, the applicable law and his conclusions. These are as follows:
The suit arises out of a slip and fall accident on or about March 1, 1991 at K-Mart in Meraux, Louisiana. The plaintiff, Mrs. Oalmann, testified that it had been raining that day, and she stopped at K-Mart to buy medicine for her mother. She said she entered the first set of doors at K-Mart, crossed over a mat, entered the second set of doors then crossed a second mat. She said she then stepped off the mat and fell twisting her left leg and injuring her left knee. She testified that after she had fallen and was on the floor, her hand was resting in a puddle of water on the floor. She further stated with certainty that she saw no "cones" warning her of the wet floor.
La.R.S. 9:2800.6 as amended in 1990 applies to the present case. It states:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 669, 2317, 2322 or 2695.
At the trial of this matter, K-Mart presented no witnesses. It is its position that Mrs. Oalmann has failed to prove the elements of the statute. It basically relies on the contents of the "Report of Customer Accident" filed into evidence as Plaintiff's Exhibit 3.
Considering the statute, Mrs. Oalmann must first prove that the condition presented an unreasonable risk of harm and that the harm was reasonably foreseeable. She testified that there was a puddle of water on the floor. No other witnesses were presented by either party regarding this crucial fact. The accident report is the only other evidence presented which would tend to prove or disprove the existence of a "puddle". Upon reviewing the report, the Court does not give great weight to its contents. The report is rather vague. Several parts are unanswered and others are too vague for purposes of establishing the facts of the accident. In the section describing the "Type of Accident", the box next to "slip and/or fall inside on liquid" is marked. However, this does not establish *913 the amount or type of liquid on the floor. Nor does it establish the actual presence of a liquid. It is not clear whether the K-Mart employee who completed the report marked this box because Mrs. Oalmann told her she slipped on a liquid or because the K-Mart employee actually saw a liquid on the floor. Next, the section of the report regarding an "Inspection of the Place of the Accident" is incomplete. It does not reveal who inspected the area after the accident. It does not describe the "hazard" as "Damp after being mopped. Yellow caution cones were out". Jeannette Palmer is listed as the last person to inspect the area, but the time of the inspection is not given. The section dealing with witnesses to the accident is also blank. Although the report does not mention a "puddle" as such, it does refer to a liquid and a dampness. Given the absence of their relevant information in the report, the lack of reference to a "puddle" is of no significance. The Court accepts Mrs. Oalmann's testimony as to the existence of a "puddle" of water, and further finds that it presented an unreasonable risk of harm to Mrs. Oalmann. It is reasonably foreseeable that a customer such as Mrs. Oalmann could slip upon a wet surface. The size of the puddle has not been established; however, the actual size is not of great importance. It is the fact that the surface was "wet" which caused it to be slippery and thus rendered it dangerous to customers. The evidence is sufficient to prove that the floor was wet, and such a condition caused Mrs. Oalmann to slip and fall.
The next element of the statute requires that the "merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Mrs. Oalmann testified that it had been raining on the day of her fall. K-Mart does not controvert this fact. On the contrary, the K-Mart accident report describes the weather that day as "Rainy". Thus, K-Mart did have knowledge of the weather conditions on the day of the accident. Consequently, K-Mart should have known that the rain would cause the floor where the accident occurred to become wet and slippery. The evidence does not clearly establish precisely how long the floor was wet prior to Mrs. Oalmann's fall. Considering the volume of business conducted at a large retail store such as the K-Mart in Meraux and the constant influx of customers, it is foreseeable that the floor near an entrance would become wet, and thus slippery, in a relatively short period of time. It is the opinion of the Court that the accumulation of water at the entrance existed for such a time that K-Mart should have discovered the danger. Given the totality of the circumstances, the Court finds that K-Mart had the requisite constructive notice of the wet floor which caused the fall.
La.R.S. 9:2800.6 next requires Mrs. Oalmann to prove that K-Mart failed to exercise reasonable care. Mrs. Oalmann testified that she saw no "cones" which would have warned her of the condition of the floor. K-Mart relies on the accident report's notation as to the presence of cones. The Court's apprehension regarding the report has been previously discussed. Particularly worth noting is the fact that the K-Mart employee who completed the report did not give the time of the inspection, which allegedly occurred prior to Mrs. Oalmann's fall. The space provided for the specific time of the last inspection was left blank. This causes the Court to doubt whether an inspection was actually conducted. The only evidence to show reasonableness on the part of K-Mart is the self-serving statement as to the cones in the report. Because of the numerous ambiguities in the report, it is difficult for this Court to accept its contents as trustworthy. Given the opportunity to view Mrs. Oalmann and demeanor on the witness stand, the Court finds her to be a credible witness. Thus, the Court accepts Mrs. Oalmann's testimony as to the absence of warning cones at the entrance where the accident occurred. It is the opinion of the Court that K-Mart failed to use reasonable care to keep its floor in a reasonably safe condition. K-Mart is not expected to keep its floor in perfect condition, however, it must make a reasonable effort to do so or warn customers of dangerous *914 conditions. K-Mart has failed to do either in the present matter.
Regarding Mrs. Oalmann's injuries, she testified that she began experiencing pain on the same day of the accident. She stated that her knee cap would "jump out of place." She testified that she had no such pain prior to the fall. The radiology report dated August 13, 1991 contained in Plaintiff's Exhibit 1 describes the results of a MRI scan of her left knee and characterizes her injury as a "small tear of the posterior horn of the medial meniscus." On February 4, 1992 Mrs. Oalmann underwent Arthoscopic surgery. The Court finds the evidence sufficient to prove that Mrs. Oalmann's injury and subsequent surgery are the direct result of her accident at K-Mart.
In reference to Mr. Oalmann's claim for damages for loss of consortium, the Court finds in favor of K-Mart dismissing his claim.
As noted by the trial judge in his reasons, Mrs. Oalmann was the only witness to testify at trial regarding the accident. Other evidence introduced by plaintiffs at trial includes the K-Mart accident report and Mrs. Oalmann's medical records from her treating physician, Chalmette Medical Center and Southern Baptist Hospital. K-Mart introduced into evidence Mrs. Oalmann's medical records for the years 1980-1984 which indicated that she was treated for migraine headaches and depression by Dr. Joseph Palotta and other doctors at Tulane Medical Center and Southern Baptist Hospital.
Mrs. Oalmann testified that at the time of the accident it was raining. She testified that upon entering the store she slipped in a puddle of water and that there were no warning "cones" to alert customers to the floor's condition. This testimony, which the trial judge believed, was sufficient to prove the existence of a hazardous condition and to establish that K-Mart had constructive notice of the hazard. The testimony, unrebutted, was adequate to create the presumption that the hazardous condition would not have existed if K-Mart had exercised reasonable care to correct it. The burden then shifted to K-Mart to offer evidence to rebut this presumption. However, K-Mart offered no evidence whatsoever to show that it had exercised reasonable care to prevent, correct or to warn of this hazardous condition. Other than the accident report, which the trial judge found to be inadequate, there is no evidence in the record regarding K-Mart's inspection and clean-up procedures.
It is well settled that where there is evidence before the trier of fact which, upon reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, an appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Our review of the testimony and evidence in the record does not show the trial judge's findings were clearly wrong.
Accordingly, the judgment of the trial court in favor of plaintiffs, Rita and Robert Oalmann, and against defendant K-Mart Corporation is affirmed.
AFFIRMED.