702 So.2d 11 (1997)
Claudia RODGERS and Bobby Rodgers, Plaintiffs-Appellants,
v.
BROOKSHIRE GROCERY COMPANY, dba Super One Foods & Hartford Insurance Company, Defendants-Appellees.
No. 29920-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*12 Rankin, Yeldell, Herring & Katz by Alex Rankin and Ross Downs, Bastrop, for Appellants.
Hudson, Potts & Bernstein by Gordon L. James, Monroe, for Appellees.
Before BROWN, STEWART and PEATROSS, JJ.
BROWN, Judge.
On October 20, 1992, at approximately 8:15 a.m., while shopping in the produce department of the Super One Foods store in Bastrop, Louisiana, plaintiff, Claudia Rodgers, slipped on a green vegetable leaf and fell. She was assisted by another customer, Elmer Fielder, who observed a green skid mark approximately six or seven inches long in the area of the fall.
Super One Foods assistant manager Danny James had Mrs. Rodgers complete an accident report. James and assistant produce manager, Dewayne Biley, inspected the area of the fall, noting a skid mark that appeared to have been made by a green vegetable leaf.
Mrs. Rodgers obtained medical care from her family physician, Dr. Michael Smith, on the date of the accident and thereafter. Dr. Smith diagnosed elevated blood pressure; contusions to the right leg and left knee; stress and anxiety.
Plaintiffs, Claudia and Bobby Rodgers, filed suit against defendants, Brookshire Company d/b/a Super One Foods, and Hartford Insurance Company. The matter was tried by a jury March 5-7, 1996, which rejected plaintiffs' claims and found in defendants' favor. The trial court entered judgment in accordance with the jury's verdict and denied plaintiffs' motion for new trial. We affirm.

Discussion

Liability
It is not disputed that there was a foreign substance (a cabbage leaf or green vegetable residue) on the floor in the produce department that caused Mrs. Rodgers to slip and fall. The elements that must be established by a slip-and-fall claimant are set forth in La. R.S. 9:2800.6 (1991), as revised by the legislature in 1990, which provides in part:[1]
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result *13 of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
Plaintiffs urge that the evidence reveals that the substance causing the fall was on the floor long enough for its discovery had the store exercised reasonable care.
The latest jurisprudential interpretation of La. R.S. 9:2800.6 is White v. Wal-Mart Stores, Inc., 97-0393 (La.09/09/97), 699 So.2d 1081. In White, the court repeated the long-standing rule that a claimant must prove each of the requirements enumerated in Section (B) of R.S. 9:2800.6. The court then stated that to prove constructive notice, a claimant must not only show that the condition existed but that it existed on the floor long enough to have been discovered by the merchant had reasonable care been exercised. The court, however, went further in White to state that a claimant cannot carry this burden of proof by showing that the merchant exercised no care, that is, that the merchant made no inspections and/or had in place no inspection procedures. In that respect, the majority specifically overruled Welch v. Winn-Dixie Louisiana Inc., 94-2331 (La.05/22/95), 655 So.2d 309.
The majority opinion in White further held that disbelief by the factfinder of the merchant's evidence that the spill occurred only minutes before the fall does not satisfy plaintiff's burden of presenting positive proof that the substance was on the floor for a certain period of time. Exactly what that time frame is depends on the circumstances of each case, "... there is no bright line time period ... whether the period of time is sufficiently lengthy ... is necessarily a fact question ..." White, supra.
Chief Justice Calogero, dissenting in White, stated:
In my view, the majority employs an overly strict interpretation of the phrase "period of time" to construe plaintiff's burden to be essentially to show exactly when the substance fell onto or was placed on the floor. This interpretation places a nearly impossible burden on plaintiff, and such a burden cannot possibly be sustained without an eye witness.
The majority in White, however, stated that, "this is not an impossible burden ..." and cited four cases in which the court inferred from all of the circumstances that the substance had been on the floor long enough to have been discovered had the merchant exercised reasonable care. (Footnote 4, White, supra).
Regardless of the practical effect of White on plaintiffs' ability to prove their claim, as always, the factual findings of the jury are accorded great weight and may not be disturbed by the appellate court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the jury found that plaintiffs failed to meet their burden of proving that defendants had actual or constructive knowledge of the hazard presented by the vegetable leaf or residue. The jury further found that defendants' floor inspection and clean-up procedures were reasonable.
We do not find these factual conclusions to be manifestly erroneous. There was no evidence that defendants had actual notice of the debris on the floor. As to the issues of constructive notice and reasonable care, defendants presented the testimony of several Super One employees who described in detail the store's inspection and clean-up policy. In order to bear the burden of proving constructive notice, a claimant must show that the foreign substance remained on the floor for *14 such a period of time that the merchant would have discovered its existence through the exercise of ordinary care. From the evidence presented, it was not clearly wrong for the jury to conclude that the store exercised reasonable care and thus, that the vegetable leaf or residue had not been on the floor for a period of time prior to Mrs. Rodgers' fall sufficient to have been noticed by the merchant.
As noted above, plaintiffs failed to prove two of the three elements set forth in La. R.S. 9:2800.6(B), i.e. actual or constructive notice and lack of reasonable care. This assignment of error is without merit.[2]

Jury Instructions
Plaintiffs take issue with the trial court's refusal to include several proposed instructions related to store inspection policy and procedure.
We have examined the entirety of the trial court's charge to the jury and have found the instructions to properly reflect the applicable law and adequately convey the issues to the jury.[3]Wilson v. National Union Fire Insurance Co. of Louisiana, 27,702 (La.App.2d Cir. 12/06/95), 665 So.2d 1252, and cases cited therein. As noted by this court in Wilson, supra, the trial court is not required to give the precise instructions submitted by the litigants, so long as the charges fairly and reasonably point up the issues and provide correct principles of law for the jury to apply those issues.

Conclusion
For the reasons set forth above, the judgment of the trial court is AFFIRMED at plaintiffs-appellants' cost.
NOTES
[1] The legislature has once again amended R.S. 9:2800.6, effective May 1, 1996. As the amended statute applies only to causes of action arising on or after May 1, 1996, all references in this opinion will be to R.S. 9:2800.6 (1991).
[2] Having found no error in the factfinder's factual conclusions, we do not reach plaintiffs' final assignment of error.
[3] This determination is further bolstered by the recent supreme court case of White, supra, which has expressly overruled Welch, supra, and its progeny, upon which plaintiffs' proposed jury charges were based.