702 So.2d 8 (1997)
Shronda L. WILLIAMS, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee
No. 29940-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*9 Mills, Timmons & Flowers by David C. Turansky, Shreveport, for Plaintiff-Appellant.
Barham & Warner, L.L.C. by Vicki C. Warner, Shreveport, for Defendant-Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
PEATROSS, Judge.
In this slip and fall action, plaintiff Shronda L. Williams appeals the judgment of the trial court in favor of defendant, Wal-Mart Stores, Inc. For the following reasons, we affirm the ruling of the trial court.

FACTS
On October 1, 1994, at approximately 12:30 p.m., Shronda Williams, now Shronda Evans ("Plaintiff"), was shopping at a Wal-Mart store in Shreveport, Louisiana, with her mother, Deborah Walker ("Walker"). On this date, Plaintiff was nearly nine months pregnant. While walking down the Health and Beauty Aid aisle looking at the merchandise, Plaintiff slipped and fell.
At the time of Plaintiff's fall, Walker was shopping one aisle away from Plaintiff. Walker heard a crash and walked to the next aisle where she discovered Plaintiff lying on the floor. At the site of Plaintiff's fall, Walker saw a clear substance on the floor, which appeared to her to be a greasy substance similar to baby oil. According to Walker, the substance did not look dirty or grimy, but appeared to be a fresh spill. A shopping cart with boxes in it was also in the aisle in the vicinity where Plaintiff fell.
Walker and Plaintiff reported the fall to assistant manager Clay Courson ("Courson") at the Service Desk. By the time Plaintiff and Walker returned with Courson to the site of the fall, approximately 15 minutes later, the floor was clean and dry and the shopping cart was gone.
Later in the day, Plaintiff went to LSU Medical Center, where she was connected to a fetal monitor for 24 hours. Plaintiff was then released and had no subsequent medical care until the delivery of her baby ten days later.
Plaintiff filed this action against the defendant, Wal-Mart Stores, Inc., seeking to recover damages for injuries caused by her fall in the store.[1]
During a bench trial, the defendant presented the deposition testimony of Courson, the assistant manager. Courson testified that at least one cleaning person was on duty the day of the accident. He stated that, at least three times a day, a "zone defense" was called, during which times all employees would straighten and clean. Courson also stated that "safety sweeps" were done of the busiest areas of the store and that store *10 maintenance workers usually had with them a trash bucket on wheels with cleaning supplies.
The trial court rejected Plaintiff's demands, finding the cleaning and inspection procedures of Wal-Mart to be reasonable and finding that Plaintiff failed to meet her burden of proving Wal-Mart created, or had actual or constructive knowledge of, the substance on the floor. Assigning one assignment of error, Plaintiff appeals.

DISCUSSION
Plaintiff assigns as error that the trial court erred in finding Wal-Mart's inspection and cleaning procedures to be reasonable.
LSA-R.S. 9:2800.6 (1991), as revised in 1990,[2] provides in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In Welch v. Winn-Dixie Louisiana, Inc., the Louisiana Supreme Court held that a plaintiff seeking recovery under LSA-R.S. 9:2800.6 had the burden of proving that she slipped and fell due to a condition on the defendant's premises which presented an unreasonable risk of harm that was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence and that the defendant failed to exercise reasonable care. Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309; Tanner v. Brookshire Grocery Co., 29,276 (La.App.2d Cir. 4/2/97), 691 So.2d 871. The Welch court stated that a lack of reasonable care may be inferred from a merchant's failure to have in place a uniform, mandatory, non-discretionary clean-up and safety procedure. The court further stated that the length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard. Welch, supra.
In the recent case of White v. Wal-Mart Stores, Inc., however, the Louisiana Supreme Court expressly overruled Welch. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, rehearing denied. In White, the court found the Welch case improperly shifted the burden to the defendant to prove lack of constructive notice by allowing a plaintiff to carry her burden of proving constructive notice by showing the absence of written inspection procedures, written documentation of inspections and lack of a consistent inspection policy. White, supra. Such burden-shifting, the court concluded, is contrary to the clear meaning of LSA-R.S. 9:2800.6. White, supra.
White states that, in addition to all other elements of the cause of action, a plaintiff seeking recovery under LSA-R.S. 9:2800.6 must prove each of the enumerated requirements of Section (B) of the statute. Thus, Sections (B)(1), (B)(2) and (B)(3) are all mandatory. White, supra.
Section (B)(2) of the statute requires that a plaintiff prove that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. LSA-R.S. 9:2800.6; White, supra. As defined by Section (C)(1) *11 of the statute, "constructive notice" means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6; White, supra.
As newly pronounced in White, to prove constructive notice, a plaintiff must make a positive showing of the existence of the damage-causing condition for some time period prior to the fall. White, supra. As stated by the White court:
A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
White, supra.
While a plaintiff must show that the damage-causing condition existed for "some time period" before the fall, no "bright line time period" is required. White, supra.
A trial court's findings of fact may not be set aside on appeal in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989); Tanner, supra.
In the instant case, the trial court applied the law as articulated in pre-White jurisprudence and found that Plaintiff failed to meet her burden of proving Wal-Mart had actual or constructive knowledge of the spill. The trial court further found that the inspection and cleaning procedures of Wal-Mart were reasonable. From our review of the record, we do not find that the trial court was manifestly erroneous in those conclusions. Plaintiff presented no evidence of actual notice. Regarding constructive notice and reasonable care, Wal-Mart presented the testimony of Courson describing the inspection and cleaning procedures of Wal-Mart, which included "zone defense" cleanings and "safety sweep" sweepings at least three times a day. Courson further testified that, on the day of Plaintiff's accident, at least one employee, whose sole responsibility was to clean the floors and restrooms, was on duty. Walker testified that the substance on the floor was not dirty and grimy, but appeared to be a fresh spill. From our review, we conclude the trial court was not clearly wrong in finding no negligence occurred.
Plaintiff also falls short of meeting her burden of proof as articulated in the recent White decision. As discussed above, no showing was made that Wal-Mart created the condition or had actual knowledge of the condition at the time of Plaintiff's fall. To prove constructive notice, as stated in White, Plaintiff's burden was to show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. White, supra. Plaintiff presented no positive evidence that the damage-causing condition had existed for any period of time prior to her fall.
Since Plaintiff is required to prove all three elements enumerated under Section (B) of LSA-R.S. 9:2800.6, the lack of evidence that Wal-Mart created the condition or had actual or constructive knowledge of the condition prior to Plaintiff's fall is fatal to Plaintiff's cause of action. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court rejecting Plaintiff's demands is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff's petition made a claim for damages sustained in the fall by Plaintiff's unborn child. At the time of trial, however, Plaintiff had abandoned that claim.
[2] We note that the legislature has since amended 9:2800.6, effective May 1, 1996. The amended statute expressly applies only to causes of action arising on or after the effective date. 1996 La. Acts No. 8, Sec. 2. Hereinafter, all references to LSA-R.S. 9:2800.6 refer to the 1991 version in effect until May 1, 1996.