716 So.2d 974 (1998)
Jo Hale Darton and Robert J. DARTON, Plaintiff-Appellants,
v.
KROGER COMPANY and CNA Insurance Company, Defendant-Appellees.
No. 30771-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1998.
*975 John S. Stephens, Shreveport, for Plaintiff-Appellants.
Steven E. Soileau, Shreveport, for Defendant-Appellees.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, Judge.
In this personal injury case, the plaintiffs, Jo Hale Darton and Robert Darton, appeal the trial court's judgment granting an involuntary dismissal in favor of the defendants, The Kroger Company and Continental Casualty Company. For the following reasons, we reverse the trial court's judgment of dismissal and remand for further proceedings.

FACTS
On October 25, 1995, plaintiffs were shopping at the Kroger Grocery Store ("Kroger") located at 4100 Barksdale Boulevard, Bossier City, Louisiana. Jo Darton approached the end of an aisle in the store and tripped and fell as she attempted to turn and proceed up the adjacent aisle. According to Darton, she tripped over a wooden pallet. The wooden pallet, located at the end of the aisle, was being used as a base for a soft drink display. At the time of the accident, the soft drink vendors were in the process of changing the display and the pallet was empty.
Plaintiffs filed suit against defendants to recover damages for injuries sustained as a result of the accident. In preparation for the trial, the defendants deposed Jo Darton regarding her claim. According to plaintiffs, they made several requests for a copy of the transcript of the deposition, but they never received a copy. Plaintiffs filed a motion to compel production of the deposition transcript and defendants filed an opposition to plaintiffs' motion. After a hearing, the trial court informed plaintiffs that they could either pay $67 to the court reporter to secure a copy of the transcript or take their own copier to the opposing counsel's office to copy the transcript.
A bench trial was held on July 1, 1997. At the close of plaintiffs' case, the defendants moved to dismiss the case. The trial court granted defendants' motion, finding that plaintiffs had failed to prove their case by a preponderance of the evidence. Plaintiffs appeal this judgment of dismissal asserting that the trial court erred in denying plaintiffs motion to compel defendants to produce the transcript of Jo Darton's deposition, in allowing defendants to use the deposition during *976 trial and in granting defendants' motion to dismiss.

DISCUSSION
Plaintiffs assign as error the trial court's grant of the defendant's motion to dismiss. They argue that the trial court erred in finding that they had failed to prove their case by a preponderance of the evidence.
LSA-C.C.P. art. 1672(B) provides that in an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal on the grounds that upon the facts and law, the plaintiff has failed to show a right to relief. In a non-jury case, the appropriate standard for the trial court's determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence to establish her claim by a preponderance of the evidence. Vig v. City of Shreveport, 28,530 (La.App. 2d Cir.8/21/96), 679 So.2d 524.
Proof by a preponderance of the evidence means that, when taken as a whole, the evidence shows that the fact or cause sought to be proved is more probable than not. Vig v. City of Shreveport, supra; Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988). A dismissal based on Article 1672(B) should not be reversed in the absence of manifest error or unless clearly wrong. Vig v. City of Shreveport, supra.
Claims against merchants for damages arising from injuries sustained as a result of a fall due to a condition existing in or on the merchant's premises are governed by LSA-R.S. 9:2800.6. Jo Darton's accident occurred prior to the 1996 amendment of the statute, therefore, we apply the version of the statute that was in effect on the date of the accident[1]. The statute, prior to its amendment, provided in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Supreme Court held that a claimant must prove each of the requirements enumerated in Section B of R.S. 9:2800.6. Rodgers v. Brookshire Grocery Co., 29,920 (La.App. 2d Cir.10/29/97), 702 So.2d 11; Williams v. Wal-Mart Stores, Inc. 29,940 (La.App. 2d Cir.10/29/97), 702 So.2d 8. The court also established that to prove constructive notice, a claimant must not only show that the condition existed, but that it existed on the floor long enough to have been discovered by the merchant had reasonable care been exercised. While a plaintiff must show that the damage-causing condition existed for "some time period" before the fall, no "bright line time period" is required. White v. Wal-Mart Stores, Inc., supra; Rodgers v. Brookshire Grocery Co., supra; Williams v. Wal-Mart Stores, Inc., supra. Of course, the plaintiffs need not prove this requirement of the statute if the facts show that the merchant created the unreasonably dangerous condition.
*977 In the instant case, the trial court concluded that the plaintiffs failed to prove their case by a preponderance of the evidence. According to the trial court, its conclusion was based on the testimony of Jo Darton during the trial. The trial court noted that during plaintiff's testimony, she stated, "I assume I caught my foot on the pallet; I may have just stumbled and fell." Based on his interpretation of plaintiff's testimony, the trial court concluded that Jo Darton was not aware of how she fell, and, therefore, she had failed to prove by a preponderance of the evidence that she tripped on the pallet.
After a review of the entire record, including the trial transcript, we must conclude that the trial court erred in granting the motion to dismiss. Initially, we note that the plaintiff's testimony was taken out of context. According to the transcript, when questioned regarding whether she caught her foot on the wooden pallet, plaintiff testified, "I assume. I caught it on something there. I don't know if I just stumbled when my foot hit it or what." Contrary to the trial judge's conclusion, the plaintiff's testimony supports her claim that her fall was caused by the pallet. On both direct and cross examination, plaintiff never wavered from the fact that one of her feet "caught" or "hit" something in the aisle causing her to fall. According to the plaintiff, she either caught her foot on the pallet or she stumbled after she hit her foot on the pallet. Plaintiff further established that the pallet was the only object immediately below her when she fell. Therefore, plaintiff's testimony established that her fall was caused by the wooden pallet.
Donna Murphy, the manager of the Kroger store at the time of the accident, testified that Kroger owns the pallets used in the store and that the store manager controls where the pallets are located throughout the store. She also testified that the pallet in question was used to display soft drinks, and at the time of the accident, the pallets were empty because the independent soft drink vendors were in the process of changing the display. According to Murphy, the pallet is empty for approximately ten minutes between the period that one soft drink vendor removes merchandise and another vendor places merchandise on display. Murphy testified that in an effort to protect the area surrounding an empty pallet, displays known as "shippers" are placed next to the empty pallet so that a shopper will notice the pallet. Murphy acknowledged that the "shippers" are placed by Kroger in what are considered "vulnerable areas." According to Murphy, Kroger selected the "vulnerable areas" by anticipating the direction that their customers will walk while shopping.
Based on Murphy's testimony, we conclude that defendants were aware that an empty pallet at the end of an aisle created an unreasonable risk of harm. This conclusion is based on the fact that a "shipper" was placed next to the empty pallet as a warning or notice to customers of the presence of the pallet. Immediately after the accident, photographs were taken of the area where the pallet in question was located. These photographs revealed that a "shipper" was located on the left side of the pallet, but the entire pallet was not secured.
Although defendants anticipated the direction that customers would take while shopping, there was nothing to restrict customers from using another path. Defendants were aware of the potential risk of harm created by placing the pallets at the end of the aisles and their failure to properly secure the area demonstrated a lack of reasonable care. Therefore, plaintiffs established by a preponderance of the evidence that defendants breached their duty to maintain their floors in a reasonably safe condition, and further that Kroger's action or inaction was a cause-in-fact of plaintiff's harm. At this point, the trial should have continued for presentation of evidence by the defendants.
The trial court was clearly wrong in granting the defendants' motion for involuntary dismissal of plaintiffs' claims. Accordingly, we reverse the judgment dismissing the plaintiffs' claims against Kroger and its liability insurer and remand this case for further proceedings.
Because we find that the plaintiffs proved their case by a preponderance of the evidence, we pretermit a discussion of the remaining assignments of error concerning the *978 trial court's ruling on the motion to compel and the use of the deposition at trial.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion, including completion of the trial. Costs of this appeal are assessed to the defendants, the Kroger Company and Continental Casualty Company.
REVERSED AND REMANDED.
NOTES
[1] Acts 1990, No. 1025, § 1, eff. Sept. 1, 1990.