718 So.2d 623 (1998)
Dianne DAWSON, Plaintiff-Appellee,
v.
BROOKSHIRE GROCERY COMPANY, Defendant-Appellant.
No. 31042-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*624 Richard G. Barham, Shreveport, for Defendant-Appellant.
William F. Kendig, Jr., Shreveport, for Plaintiff-Appellee.
Before MARVIN, C.J., and BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
In this personal injury action, the defendant, Brookshire Grocery Company, appeals a judgment in favor of the plaintiff, Dianne H. Dawson. The trial court awarded general damages and medical expenses to plaintiff for injuries resulting from her slip and fall in defendant's store. For the following reasons, we reverse and render.

FACTS
On March 15, 1995, at approximately 4:00 p.m., the plaintiff drove to a Brookshire store located in Shreveport, Louisiana. During the day, it had rained periodically and there was a "moderate drizzle" or "heavy mist" at the time. The plaintiff was wearing tennis shoes with rubber soles, which became damp as she walked across the wet parking lot to the store. Dawson did not know if there was a wet floor sign outside of the store. To enter the store, plaintiff crossed the black floor mats on each side of the door and then walked onto a red floor mat. She picked up a hand shopping basket and store sale circular, which were on her immediate right to the side of the red mat. After placing her keys and billfold in the basket, she walked across the mat and stepped onto the floor. She did not recall wiping her shoes. Her foot slipped from under her, she fell to the floor and landed in a seated position on top of her left ankle.
The store manager and another customer offered assistance to plaintiff, and helped her into a chair. The store provided a motorized cart so that she could finish her shopping, which took approximately 30 minutes, and she walked back to her car. That evening, plaintiff experienced sharp pain and could not put her full weight on her ankle. She sought medical treatment and was later diagnosed as having a left ankle fracture.
Plaintiff filed this action against the defendant seeking to recover damages for injuries caused by her fall in the store. During trial, plaintiff testified that at the time of her fall, only two floor mats were present in front of the entrance doors and that there were not any warning signs in the area. The plaintiff stated that she did not see any water or moisture on the floor when she fell, but that the back of her clothing was wet and the floor appeared "really shiny." She also stated that the store employees did not take photographs immediately after the accident and that before she left the store, the employees had changed the floor mats and set down a warning sign.
Gregory McKee was the store manager on duty at the time of the accident. McKee testified that he was working in the front of the store when he noticed plaintiff sitting on the floor and went to assist her. McKee *625 stated that he placed his hand on the red floor mats and that they felt dry. In the incident report, he wrote that the floor condition was dry and that a wet floor sign was in place near the entrance. According to McKee, he immediately took two photographs of the area within less than 15 minutes of the accident and attached them to the report.
Another employee, Assistant Manager Todd Hadwin, testified by deposition. Hadwin stated that he had "dry mopped" the floor near the store entrance area five minutes before leaving for lunch. His time card indicated he had punched out at 4:03 p.m., which was the approximate time of plaintiff's accident. Hadwin stated that the floor was dry when he finished mopping and that the position of the mats and warning sign was accurately reflected in the photographs which had been admitted into evidence.
The defendant introduced the deposition of Rosalea Beasley, a shopper who had assisted plaintiff after her fall. Beasley stated that after shopping with her mother-in-law in Brookshire, she saw plaintiff lying on the red floor mat nearest to the entrance door. Beasley testified that she knelt next to the plaintiff, but that her knees were not wet afterward. She also stated that the mat was dry and that she did not see any moisture on the floor that would have caused plaintiff to fall.
The trial court found that defendant was aware of the rainy weather, that it should have known the floor would become slippery with an influx of customers, that this dangerous condition was foreseeable and that the store failed to follow its safety procedures. The trial court concluded that defendant was liable for plaintiff's injuries and awarded her $3,500 in general damages and $1,361 for her medical expenses. The defendant appeals.

DISCUSSION
The defendant contends the trial court erred in finding that plaintiff satisfied her burden of proving that the merchant possessed constructive notice of an unreasonably dangerous condition. Defendant argues that plaintiff was not entitled to damages because she failed to present evidence that water was present on the floor for some period of time prior to her fall.
A negligence action brought by a person against a merchant for damages resulting from injuries sustained in a fall is governed by LSA-R.S. 9:2800.6.[1] Accordingly, the plaintiff has the burden to prove that she slipped and fell due to a condition on the defendant's premises which presented an unreasonable risk of harm that was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that defendant failed to exercise reasonable care. "Constructive notice" means the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care. LSA-R.S. 9:2800.6; White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. A trial court's findings of fact may not be set aside on appeal in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
Here, the evidence does not show that defendant created or had actual knowledge of a hazardous condition. Thus, plaintiff was required to establish defendant's constructive notice of the condition. R.S. 9:2800.6(B)(2). The statutory definition of constructive notice contains a temporal element, that the condition existed for "a period of time." The statute does not allow an inference of constructive notice absent a showing of this temporal element. Therefore, the claimant must make a positive showing that the condition existed prior to the fall. White v. Wal-Mart, supra.
There is no "bright line" time period. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a factual determination. However, a showing that the condition existed for some period of time is *626 mandatory. A claimant who simply shows that a condition existed, without additional proof that it existed for some time prior to the fall, cannot sustain the required burden of proving constructive knowledge. White v. Wal-Mart, supra.
Citing Oalmann v. K-Mart Corp., 630 So.2d 911 (La.App. 4th Cir.1993), the plaintiff argues in her brief that the evidence shows that defendant had constructive notice of the hazardous condition. In Oalmann, a shopper testified that upon entering the store on a rainy day, she fell in a puddle of water and that there were not any signs to warn of the hazard. The court found that the totality of the circumstances established the store's constructive notice. However, the factual situation in Oalmann differs from the present case in that here, plaintiff testified that she did not see any water on the floor when she fell. Although plaintiff stated that her clothes were wet, she was unable to relate this fact to any liquid present on the floor.
To sustain her burden of proving the defendant's constructive knowledge, the plaintiff was required to show that the dangerous condition remained on the floor for such a period of time that the merchant would have discovered its existence through the exercise of ordinary care. In Rodgers v. Brookshire Grocery Company, 29,920 (La. App. 2d Cir.10/29/97), 702 So.2d 11, a claimant did not prevail because she failed to prove that the vegetable leaf on which she slipped had been on the floor for a period of time long enough to have been noticed by the merchant prior to her fall.
In Williams v. Wal-Mart Stores, Inc., 29,940 (La.App. 2d Cir.10/29/97), 702 So.2d 8, the injured shopper did not establish by positive proof that a spill in the store's aisle existed for any time prior to her fall. The clear substance did not look dirty and appeared to be a recent spill. Thus, the lack of evidence that the merchant created or had actual or constructive knowledge of the spill before the fall prevented the party's recovery of damages.
Similarly in the present case, plaintiff did not make a positive showing that the floor was wet for some period of time prior to her fall. Aside from her testimony that the floor appeared "shiny," neither the plaintiff nor any other witness testified that the accident area had been wet or damp either at the time she fell or previous to her fall. Notwithstanding the trial court's conclusion that the defendant should have known the floor would be slippery and dangerous due to the rain and customer traffic, the record does not contain a reasonable factual basis for the trial court's finding that water from dripping shopping carts or employee ponchos was present on the floor at the time of the accident.
As previously noted, the plaintiff was required to prove all three elements enumerated under Section 9:2800.6(B), including the defendant's constructive notice of a condition presenting an unreasonable risk of harm. After reviewing the record, we find that plaintiff failed to present positive evidence that water or moisture was present on the floor or had remained on the floor for any length of time prior to her fall. This lack of evidence that the water was present for some period of time is fatal to the plaintiff's cause of action. Consequently, we must conclude the trial court was clearly wrong in finding that the plaintiff sustained her burden of proof on this issue. Therefore, we must reverse the trial court's judgment.

DECREE
For the foregoing reasons, the trial court's judgment in favor of the plaintiff is reversed. Judgment is rendered in favor of the defendant, Brookshire Grocery Company, and plaintiff's claims are dismissed. Costs of this appeal are assessed to the appellee, Dianne Dawson.
REVERSED AND RENDERED.
BROWN, J., concurs with written reasons.
BROWN, Judge, concurring.
The real issue is whether the merchant exercised reasonable care. Obviously, the store knew of the wet-floor problem caused by rainy, drizzly days and had a policy or procedure which involved putting up warning signs, laying out additional mats, and regularly dry mopping the area. On the day of *627 this accident, these additional measures were operational. The trial court found, however, that the store did not fully follow its rainy day procedure. There was conflicting testimony concerning whether warning signs and all of the mats were in place. Even so, what the store did was reasonable. Plaintiff walked across dry mats and the area was "dry mopped" minutes before the fall.
NOTES
[1] We note that the legislature amended the statute, effective May 1, 1996. The amended statute expressly applies only to causes of action arising after the effective date. Acts 1996, No. 8. All further references in this opinion will be to R.S. 9:2800.6 (1991).