# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2021

Lyle W. Cayce
Clerk

No. 21-30171
Summary Calendar

MARILYN F. MOLERO,

*Plaintiff—Appellant*,

*versus*

ROSS STORES, INCORPORATED; ROSS DRESS FOR LESS,
INCORPORATED,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2350

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Marilyn Molero sued Ross Stores, Inc. and Ross Dress for Less, Inc.,
(collectively "Ross") for damages related to her injuries sustained while

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

shopping. The district court granted Ross' motion for summary judgment and dismissed Molero's claims with prejudice. We affirm.

Molero brought a premises liability claim alleging that she was injured while shopping at Ross Stores. In her complaint, she asserts that she "jammed her left pointer finger and hand on an unnoticeable, empty J hook, located in the direct lane of travel for patrons." In considering Ross' summary judgment motion, the district court reviewed photos of the J hook along with the testimony of Molero, a security guard, and a Ross employee.

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quotations and alterations omitted). This Court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court. *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020).

The sole issue for us is whether a reasonable jury could find that the J hook was unreasonably dangerous under Louisiana Civil Code article 2317.1. Louisiana courts apply a four part risk-utility balancing test to determine whether a condition presents an unreasonable risk of harm: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." *Broussard v. State ex rel. Off. of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So.3d 175, 184.

Here, only the second prong is contested. In evaluating the second prong, the Louisiana Supreme Court held that "a defendant generally does not have a duty to protect against an open and obvious hazard." *Id.* at 184.

Although testimony from Molero and a security guard stated that the J hooks were hard to see without merchandise, Molero's photographs clearly make such testimony implausible. The photos show that the hooks are at the eye-level of a passing customer and are attached to a large metal rod which is in turn attached to a side of a large metal shelf. This record evidence shows that the J hooks are clearly open and obvious to reasonably prudent shoppers exercising reasonable care. *See Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir. 2011) ("A court of appeals need not rely on the plaintiff's description of the facts where the record discredits that description. . . .") (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007)). No reasonable jury could find that the hooks are not open and obvious. And while Molero contends otherwise, all the cases that she cites in support of her claim deal with slip and fall cases associated with wooden pallets on the ground, not with fixtures near eye-level. *Moore v. Murphy Oil USA, Inc.,* 2015-0096 (La. App. 1 Cir. 12/23/15), 186 So. 3d 135, 139 (water display pallet); *Hutchinson v. Walmart*, 573 So.2d 1148, 1149 (La. App. 1 Cir. 1990) (wooden platform); *Darton v. Kroger*, 30,771 (La. App. 2 Cir. 8/25/98), 716 So.2d 974, 977 (wooden pallet at end of an aisle).

Accordingly, we agree with the district court's thorough analysis. We affirm the order granting Ross's motion for summary judgment.