562 So.2d 47 (1990)
Berry W. MAY and Terrilyn A. May, Plaintiffs,
v.
ACADIANA REGIONAL AIRPORT, Iberia Parish Airport Authority, and Iberia Parish Council, Defendants/Third Party Plaintiffs/Appellants,
The Louisiana Cooperative Extension Service and Employers Casualty Company, Third Party Defendants/Appellees.
No. 88-1377.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Rehearing Denied June 15, 1990.
Davis & Calmes, Sumpter B. Davis III, Baton Rouge, for plaintiff/appellee.
Landry, Watkins & Bonin, Alfred S. Landry, New Iberia, for defendant/appellant. Caffery, Oubre, Dugas & Campbell, Jerry Oubre, New Iberia, for defendant/appellee.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
DOMENGEAUX, Chief Judge.
This is an appeal by the Iberia Parish Airport Authority and the Iberia Parish Council from summary judgment on a third party demand granted in favor of third *48 party defendants, the Louisiana Cooperative Extension Service and its insurer, Employers Casualty Co.
On October 31, 1986, Berry W. May fell on a stairway in a building owned by the Airport Authority and the Parish Council. The fall was allegedly caused by a pen or pencil which May did not see before he slipped on it. May and his wife, Terrilyn A. May, filed this suit for damages as a result of his injuries. The Airport Authority and the Parish Council (hereinafter referred to solely as the Airport Authority) were named as defendants.[1]
At the time of the accident, May was employed by A.B. Dick Co. He had just repaired certain A.B. Dick office equipment located in a room leased by the Airport Authority to the Louisiana Cooperative Extension Service and was leaving the building when he fell on the stairway.
The stairway was not part of the leased premises, but was under the care and control of the lessor, the Airport Authority. Nonetheless, the Airport Authority filed a third party demand against the Extension Service and its insurer for defense and indemnity, asserting that because May was on the premises at the request of the lessee, the lessee should be responsible for May's injuries. This argument is based on Paragraph 10 of the lease entered into by the parties on January 1, 1986:
Paragraph 10:
LESSEE does hereby agree to indemnify and to hold, save and protect LESOR harmless from and against any and all damage and/or injury to persons (including death) or property sustained by anyone including LESSEE, his agents, servants and employees, arising and accruing by virtue of LESSEE'S operations on the leased property or the use, occupancy o[r] condition thereof, whether such injury or damage results from the fault, neglect, act or omission of LESEE or anyone acting or claiming to act in LESSEE'S behalf, including all agents, servants, representatives and employees of LESSEE.
The Airport Authority's argument for indemnity is based on the phrase "or the use, occupancy or condition thereof." The Airport Authority contends that the indemnity provision was intended to prevent the LESOR'S increased liability exposure resulting from the execution of the lease. Therefore, the indemnity provision should operate, it is argued, to cover injuries sustained by anyone on the leased or unleased portions of the property at the request of the lessee.
Prior to trial, the Extension Service and its insurer filed a motion for summary judgment contending they are not liable for the damages sued upon because the indemnity provision in the lease applies only to injuries occurring on the leased premises. The trial court agreed and dismissed the third party demand. We affirm.

ANALYSIS
Louisiana jurisprudence has consistently held that a contract of indemnity will not be construed to indemnify an indemnitee against loss resulting to him through his own negligence unless such intention is expressed in unequivocal terms. Green v. Taca International Airlines, 304 So.2d 357 (La.1974); Sutherland v. Hamner, 488 So.2d 486 (La.App. 3rd Cir.1986). In the case before us, the lease between the Airport Authority and the Extension Service did not expressly require indemnity by the lessee for damages resulting from the negligence of the lessor. Accordingly, if the Airport Authority is found to be negligent as alleged in the plaintiff's petition, then the Extension Service would not be required to indemnify the Airport Authority for its losses regardless of where the accident took place.
To answer the more specific question of whether the indemnity provision in this lease covers an accident which occurred on a stairway outside of the leased property but apparently arising from the *49 "use" of the leased property, we must focus on the intent of the parties and their responsibilities under this lease. Initially, we note that the leased property is described as "room number 212, in Building # 92, consisting of 512 square feet." The lessee is responsible for keeping "the premises in a good and neat order," and must "furnish his own janitorial service for the leased premises." The lease does not require the lessee to maintain or control any stairway or other area outside of the leased premises.
The Airport Authority contends that indemnity is required for injuries to a person who is injured outside of the leased property subsequent to that person's use of the leased property. However, liability exposure cannot depend on such unrelated events. Regardless of the nature of May's business at the airport building, the fact remains that he was injured on unleased property. Liability exposure under this lease must depend on the maintenance and control of the location where injury is sustained. In other words, under this lease, liability for Berry May's alleged injuries must be based on a determination of who had control of the stairway. The Extension Service, as the lessee of one room in the building, did not have control of the stairway.
We hold that a lessee cannot be held liable on the basis of his lease for injuries occurring outside of the leased premises. This result is consistent with the jurisprudence of this State. "Such things as stairways used in common by all tenants of a leased building have been held not to be a part of the leased premises so as to be subject to lease provisions which exculpate the lessor from damages from defects on the leased premises." Peacock's, Inc. v. Shreveport Alarm Co., 510 So.2d 387, 402 (La.App. 2nd Cir.1987), writs denied, 513 So.2d 826, 827, 828 (La.1987).
In Thiel v. Kern, 34 So.2d 296, 300 (Orl. Cir.1948), writ denied, April 26, 1948, the court stated that the lessee "had no control or supervision of the wooden stairway used in common with one of the defendants and the members of his family, and the stairway did not constitute a part of the property leased, in the sense that the tenant was given possession thereof. The stairway being one used in common by all occupants of the upper apartments, the lessor necessarily retained domination and control of it, and it would be absurd to say that under those circumstances the parties contemplated that the provisions of the lease bound the lessee to make repairs and rendered defendants harmless for damages to a third person lawfully using the stairway injured as a result of a vice or defect therein."
Similarily, in Standard Office Supply Co. v. Stonewall Investment Co., 267 So.2d 768, 770 (La.App. 2nd Cir.1972), the Court held that "a provision in a lease relieving owners of an apartment building from responsibility to a tenant or any third person for injuries from defects of the leased premises did not relieve owners from liability for injuries occurring on a stairway which was not part of the leased premises, but was a common accessory of which the owners necessarily retained control." (Emphasis in original.)
On the other hand, the Fourth Circuit recently held that a sidewalk, not originally part of the lease, could later be considered part of the leased premises where the sidewalk was subsequently appropriated by the lessee for its own use and exclusive control. Billizone v. Winn-Dixie Louisiana, Inc., 521 So.2d 431 (La.App. 4th Cir.1988). Such is not the case herein.
For the above and foregoing reasons, the judgment of the trial court dismissing defendants' third party demand against the Louisiana Cooperative Extension Service and its insurer, Employers Casualty Co., for defense and indemnity is affirmed. Costs of this appeal are to be paid by defendants, the Iberia Parish Airport Authority and the Iberia Parish Council. Assessment of all other costs shall be made after trial on the merits.
AFFIRMED.
NOTES
[1] The only mention of the "Acadiana Regional Airport" is in the caption of plaintiffs' original petition.