679 So.2d 524 (1996)
Rocky L. VIG, Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, et al. Defendants-Appellees.
No. 28530-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
Writ Denied November 15, 1996.
*525 Jeffrey L. Little, Shreveport, for Appellant.
Gary M. Parker, Assistant City Attorney, for Appellees.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
In this personal injury action, the plaintiff, Rocky L. Vig, appeals a trial court judgment in favor of defendants, City of Shreveport and Walter McCurry, dismissing plaintiff's claim for damages. For the following reasons, we affirm.

FACTS
Plaintiff was a resident of Paris, Texas, which is approximately 150 miles from Shreveport. He was employed as a salesperson of medical supplies. On March 17, 1994 plaintiff drove to Shreveport to meet with several customers. After work, he met with a friend, Jason Windham, and they went to a local bar. In the early morning of March 18, 1994, the plaintiff felt too intoxicated or fatigued to drive after leaving the nightclub. For this reason, he voluntarily gave his car keys to Windham. While driving plaintiff's car, Windham was stopped for speeding by the defendant, City of Shreveport Police Officer Walter McCurry. The defendant determined that Windham was intoxicated and placed him under arrest. During the stop, the defendant had to awaken the plaintiff and spoke with him briefly. Defendant left the car keys with the plaintiff, who remained in the automobile. According to Windham, Officer McCurry stated that "your buddy was pretty messed up. I had to wake him up and he didn't know what town he was in." The officer brought Windham to the police station. At some time thereafter, the plaintiff apparently drove from the scene and was allegedly injured in a single-car accident.
The plaintiff's mother testified that later that morning, she discovered damage to the car, observed that plaintiff's head was bloody and saw glass in his hair. She inquired by telephone with the Shreveport police and was told that there had not been any reports of hit-and-run accidents the previous evening. The plaintiff sought treatment at the Schumpert Medical Center emergency room. He filed a petition for damages sustained in the accident against the City of Shreveport and Officer McCurry. Plaintiff alleged that the defendants were liable for plaintiff's injuries because the police officer did not prevent an impaired driver from operating his vehicle.
Trial was held on June 16, 1995. Plaintiff testified that he could not recall drinking any alcohol during the evening prior to the accident. He did not know where or at what time the accident occurred. Plaintiff also stated that he did not have any recollection of Officer McCurry and had no idea how he got home. At the close of plaintiff's case, the trial court took the defendants' motion for involuntary dismissal under advisement. Subsequently, the trial judge found that plaintiff failed to prove that Officer McCurry had a duty to protect plaintiff from injuring himself. The trial court rendered judgment dismissing plaintiff's action. The plaintiff appeals.

DISCUSSION
The plaintiff argues the trial court erred in granting the involuntary dismissal. The plaintiff contends the defendants had a duty to prevent a person in his situation from being injured.
LSA-C.C.P. Art. 1672B provides that in an action tried by the court without a jury, after the plaintiff has presented his evidence, any party may move for a dismissal on the ground that upon the facts and law, the plaintiff has failed to show a right to relief. In a non-jury case, the appropriate standard for the trial court's determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence to establish his claim by a preponderance of the evidence. *526 Hutzler v. Cole, 93-0486 (La.App. 1st Cir. 3/11/94), 633 So.2d 1319; Brown v. E.A. Conway Memorial Hospital, 588 So.2d 1295 (La. App. 2d Cir.1991).
Proof by a preponderance of the evidence means that, when taken as a whole, the evidence shows that the fact or cause sought to be proved is more probable than not. Hutzler v. Cole, supra; Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988). A dismissal based on C.C.P. Art. 1672B should not be reversed in the absence of manifest error. Hutzler v. Cole, supra.
In order to determine whether liability exists under the facts of a particular case, we apply the duty-risk analysis, under which the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the duty was breached and the risk of harm was within the scope of protection afforded by the duty breached. Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So.2d 318; Rowe v. Schumpert Medical Center, 26,334 (La.App.2d Cir. 12/7/94), 647 So.2d 390. The initial inquiry is whether a causal relationship exists between the harm suffered by the plaintiff and the alleged negligent conduct of the defendants. Cause in fact is generally a "but for" inquiry, which requires plaintiff to show he would not have sustained injury but for the defendants' conduct. Roberts v. Benoit, 605 So.2d 1032 (La.1991). Under a duty-risk analysis, each inquiry must be affirmatively answered in order for plaintiff to recover. Mathieu v. Imperial Toy Corp., supra.
In the present case, the plaintiff alleged that he was injured in an automobile accident as a result of Officer McCurry's negligent conduct. Although the plaintiff submitted evidence that he sustained minor facial abrasions and that there was physical damage to his car, he could not establish the circumstances that caused these injuries.
The plaintiff testified that he did not remember whether he had consumed alcohol or if he was intoxicated when Officer McCurry stopped the vehicle. The plaintiff could not recall speaking with the police officer and could not say how he arrived home. Plaintiff stated that he did not know where or at what time the alleged accident occurred, or whether other parties were involved. He could only remember hitting the windshield or "seeing it real close." Plaintiff did not identify any other witnesses who may have observed an accident.
This record does not contain facts which substantiate the plaintiff's claim that an accident occurred and caused his injuries. Consequently, the plaintiff has failed to satisfy his burden of producing sufficient evidence to show that he would probably not have been injured but for the conduct of defendants. The plaintiff's inability to establish a causal relationship between his harm and the actions of the defendants prevents a determination of liability in this case. Therefore, we cannot say that the trial court was clearly wrong in granting the motion to dismiss.
The plaintiff argues the trial court erred in finding that defendants did not owe a duty to plaintiff. This argument is based on the trial court's reasons for judgment in its oral ruling. Appellate review lies only from the court's judgment, not the reasons therefor. Dufour v. Horton, 609 So.2d 1109 (La.App.2d Cir.1992). Regardless of what may have been a trial court's reasons for rendering a judgment, if the judgment is correct, it should be affirmed. Caldwell v. Second Judicial District IDB, 475 So.2d 96 (La.App.2d Cir.), writ denied, 477 So.2d 1126 (La.1985). Because we have determined that the plaintiff failed to prove the circumstances of the alleged accident or that the defendants' conduct was a cause-in-fact of the plaintiff's injuries, we need not address the issue of whether a duty existed. These assignments of error lack merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment granting the defendants' motion for involuntary dismissal is affirmed. Costs of this appeal are assessed to the appellant, Rocky Vig.
AFFIRMED.