11 WILLIAMS, Judge.
In this personal injury action, the defendants, Financial Indemnity Company and Mickel Augustous Jordan, appeal a judgment in favor of the plaintiffs, Terry Nunn and Shirley Nunn, individually and on behalf of their minor children, Tammy Nunn and Sherry Nunn. The trial court found that Jordan’s negligence caused the accident and that defendants were liable for plaintiffs’ injuries. For the following reasons, we affirm.
FACTS
On May 1, 1994, the defendant, Mickel Jordan, a resident of Jonesboro, Louisiana, drove with his friend, Tommy Cranford, to pick up the plaintiffs, Tammy Nunn and Sherry Nunn, who lived in Castor, Louisiana. Jordan was driving a 1990 Daihatsu automobile that was owned by his father. The group traveled to Ruston to see a movie. Following the movie, Jordan and his passengers stopped briefly at his father’s house.
At approximately midnight, on the way back to the girls’ home, defendant was driving west on Louisiana Highway 4 in Bienville Parish. The weather was clear and the road was level and dry. According to Jordan, he was approaching a curve in the road when an animal emerged from the left side of the highway and crossed in front of his vehicle. Jordan stated that he swerved to the left in an attempt to avoid a collision but the car’s right front tire hit the animal. The impact caused him to lose control of the vehicle, which went off the shoulder of the road and flipped over into a ditch. As a result of the accident, Tammy and Sherry Nunn each sustained injuries to the head and neck. In addition, Sherry injured her back, chest and shoulders.
Plaintiffs, Terry and Shirley Nunn, filed this action individually and on behalf of their minor daughters, Tammy and Sherry Nunn, against the defendants, Mickel Jordan and Financial Indemnity Company, the automobile liability insurer, |2seeking damages for the girls’ injuries. The parties agreed to bifurcate the liability and damages issues for *632 trial, and subsequently stipulated to the value of the plaintiffs’ claims.
At trial, Sherry Nunn testified that on the way to the movies, Jordan’s vehicle struck a opossum, which she saw lying partially in the road as they drove away. Sherry stated that Jordan ran over the same opossum again when returning from the movie theatre. Sherry testified that she was sitting in the rear passenger seat at the time of the accident and saw the opossum lying motionless in the road prior to impact. She felt a bump and saw Jordan pick up his head quickly and pull on the steering wheel, causing the ear to swerve across the road and flip over.
After hearing the evidence, the trial court rendered judgment in favor of the plaintiffs, finding that the accident was caused by Jordan’s negligence in abruptly turning the steering wheel. The trial court awarded plaintiffs $5,289.66 for Tammy’s injuries and awarded $10,000 for Sherry’s injuries. Defendants appeal.
DISCUSSION
Defendants contend the trial court erred in admitting into evidence Tammy Nunn’s testimony regarding the contents of a letter that she received from Jordan, in which he admitted that he was at fault in causing the accident. The defendants argue that testimony concerning the contents of the letter should not have been admitted because plaintiffs failed to produce the original document.
LSA-C.E. Art. 1004 states that the original is not required, and other evidence of the contents of a writing is admissible if the original has been lost or destroyed. In the present case, Jordan acknowledged that he had written to Tammy Nunn after the accident, but he could not remember the contents of the letter. Tammy Nunn testified that Jordan had sent her a letter, which had been lost. She stated that JordanJjhad written that the accident was his fault because he was tired and should not have been driving. In light of the evidence that Jordan had written the letter and that the original had been lost, we cannot say that the trial court abused its discretion in admitting the witness testimony as other evidence of the contents of the writing. The assigned error lacks merit.

Liability

The defendants contend the trial court erred in finding that Jordan was at fault in causing the automobile accident. They argue that Jordan was unable to avoid the accident because an emergency situation was created when an animal ran across the highway.
In determining whether liability exists under a duty-risk analysis, a plaintiff must prove that the conduct in question was the cause-in-faet of the resulting harm, that defendant owed plaintiff a duty which was breached and that the risk of harm was within the scope of protection afforded by the duty breached. Campbell v. State DOTD, 94-1052 (La. 1/17/95), 648 So.2d 898; Vig v. City of Shreveport, 28,530 (La.App. 2d Cir. 8/21/96), 679 So.2d 524, writ denied, 96-2285 (La. 11/15/96), 682 So.2d 775. A motorist’s duty of reasonable care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards. Williams v. City of Monroe, 27,065 (La.App. 2d Cir. 7/3/95), 658 So.2d 820. A trial court’s findings fact may not be set aside on appeal in the absence of manifest error or unless they are .clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the present case, Jordan testified that he lost control of the vehicle while trying to avoid hitting an animal that suddenly darted into his path. However, his description of the accident was not supported by the other witnesses. Tommy Cranford, who was sitting in the front passenger seat, testified that he did not see an animal run across the road. Cranford stated that he felt a bump when the car ran over something. Sherry Nunn testified that she was sitting in the rear passenger seat at the time of the accident and saw the opossum lying motionless in the road prior to impact. She felt a bump and then saw Jordan lift his head quickly |4and turn the steering wheel, causing the car to swerve off the road. The defendants failed to present sufficient evidence to establish that an emergency situation existed in which the accident was unavoidable.
*633 In addition, testimony at trial established that prior to the accident Jordan was fatigued, had been driving at high speeds and that he could not see well at night. Sherry Nunn testified that Jordan had fahen asleep at the movie theatre and had to be awakened by Cranford. She stated that Jordan had sped around a sharp curve on the wrong side of the road and caused the car to jump over some railroad tracks.
Tammy Nunn testified that after the movie, she saw Jordan sleeping in his room and she shook him to wake him up for the drive home. Tammy Nunn stated that Jordan later wrote her a letter stating that he had been tired and should not have been driving on the night of the accident. Angie Wren, the sister of Sherry and Tammy Nunn, testified that after the accident, Jordan had asked her several times to drive him to Jonesboro because he could not see well at night.
At trial, Jordan denied falling asleep at the cinema or at his father’s house. He also denied that he had asked anyone for a ride because he could not see well at night. Jordan testified that he did not speed over railroad tracks and that he did not remember telling anyone that the accident was his fault.
The trial court heard the conflicting testimony and weighed the credibility of the witnesses. We conclude that the record contains ample evidence from which the trial court could reasonably find that Jordan was at fault in causing the accident. Therefore, we cannot say the trial court was clearly wrong in finding that the defendants are liable for plaintiffs’ injuries. The assignment of error lacks merit.
^CONCLUSION
For the foregoing reasons, the trial court’s judgment awarding plaintiffs damages of $5,289.66 for Tammy Nunn’s injuries and $10,000 for Sherry Nunn’s injuries is affirmed. Costs of this appeal are assessed to the appellants, Financial Indemnity Company and Miekel Augustous Jordan.
AFFIRMED.