716 So.2d 962 (1998)
Reine Ainee KELLER, Plaintiff-Appellee,
v.
ODIN MANAGEMENT, INC., et al., Defendant-Appellant.
Nos. 30682-CA, 31305-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*963 Joseph Martin Lattier, Shreveport, for Appellant H & R Block Eastern Tax Services, Inc.
Robert Ashley Jahnke, Shreveport, for Appellee Reine Ainee Keller.
Steven Eric Soileau, Shreveport, for Appellee Odin Management, Inc. and U.S. Fire Insurance Company.
Before MARVIN, C.J., and NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
In this personal injury action, the plaintiff, Reine Keller, appeals the trial court's judgment granting an involuntary dismissal in favor of the defendants, Odin Management, Inc. ("Odin"), and U.S. Fire Insurance Company. She also challenges the propriety of the summary judgment in favor of H & R Block Eastern Tax Services, Inc. ("H & R Block"). In the consolidated case, H & R Block appeals the summary judgment requiring it to indemnify Odin against all claims or liability in the proceeding. For the following reasons, we affirm in part, reverse in part and remand.

FACTS
On February 1, 1996, the plaintiff was a part-time employee of H & R Block, which had an office in the Pierre Bossier Mall in Bossier City, Louisiana. On that date, the Shreveport-Bossier City area experienced an ice storm. On the morning of the accident, plaintiff's eye clinic appointment at the Barksdale Air Force Base was canceled due to the expected weather conditions. Plaintiff called the LSU Medical Center, where she worked full-time, and was told that her office was closing and that she did not need to report to work. During the day, television and radio broadcasts advised the public about potential ice accumulation on the roads.
*964 At the time, William McFadden was general manager of the mall under a contract with Odin. In response to the icy conditions, McFadden assigned a maintenance worker to apply rock salt to the sidewalk. Testimony indicated that the salt was primarily applied around the main mall entrances. At 2:00 p.m., Odin decided to close the mall early and distributed notices to all tenants, including H & R Block, that the mall would close at 5:00 p.m. due to the ice.
Plaintiff telephoned the H & R Block office at approximately 5:00 p.m. and was informed by her supervisor that the mall was closing. Plaintiff was told to use her own discretion, but that she could be useful at work to assist several customers who were already waiting inside the store when it closed. The plaintiff decided to go to work and arrived at the mall at approximately 5:30 p.m. She walked from the parking lot to the sidewalk adjacent to the movie theatre and entered the mall through a rear service door because the mall entrance was locked.
At approximately 7:30 p.m., plaintiff escorted a customer through the same service door and out to the parking lot. Plaintiff then started to return to the mall over the same area she had just crossed. She took several steps, slipped on a patch of ice and fell to the sidewalk, injuring her right arm and shoulder. She was treated at Bossier Medical Center.
Plaintiff filed a petition for damages against the defendants, Odin and its liability insurer, U.S. Fire Insurance Company, claiming that the mall was negligent in failing to maintain its sidewalks in a condition free from ice or to warn of the hazard. Plaintiff also filed suit against her employer, H & R Block, claiming that its intentional act caused her injury and thus the worker's compensation law did not bar her tort action under these facts.
Odin filed a cross-claim against its co-defendant, H & R Block, seeking indemnification pursuant to a provision in the lease of the premises. Odin filed separate motions for summary judgment as to plaintiff's demand and its cross-claim against H & R Block. After a hearing, the trial court denied Odin's motion regarding plaintiff's demand, but granted summary judgment in favor of Odin on the cross-claim. H & R Block appeals this judgment.
Prior to trial on plaintiff's demand, the district court granted H & R Block's motion for summary judgment, dismissing plaintiff's tort claims against her employer. During trial, at the close of plaintiff's case, the trial court granted Odin's motion for involuntary dismissal of plaintiff's claims. The court found that Odin acted reasonably under the circumstances in closing the mall and was not liable for plaintiff's subsequent injury related to H & R Block's continued operation. Plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the trial court erred in granting Odin's motion for involuntary dismissal. Plaintiff argues that she proved by a preponderance of evidence that Odin breached its duty to maintain the mall sidewalks in a safe condition and that she was injured as a result.
LSA-C.C.P. art. 1672(B) provides that in an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal on the grounds that upon the facts and law, the plaintiff has failed to show a right to relief. In a non-jury case, the appropriate standard for the trial court's determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence to establish her claim by a preponderance of the evidence. Vig v. City of Shreveport, 28,530 (La.App.2d Cir.8/21/96), 679 So.2d 524.
Proof by a preponderance of the evidence means that, when taken as a whole, the evidence shows that the fact or cause sought to be proved is more probable than not. Vig v. City of Shreveport, supra; Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988). A dismissal based on Article 1672(B) should not be reversed in the absence of manifest error or unless clearly wrong. Vig v. City of Shreveport, supra.
In order to determine whether liability exists under the facts of a particular case, *965 we apply the duty-risk analysis, which requires the plaintiff to establish that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty to protect against the risk involved, and the duty was breached. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318; Lee v. Great Southwest Fire Ins. Co., 493 So.2d 789 (La.App. 2d Cir.1986).
In the present case, William McFadden acknowledged that the mall management was responsible for maintaining the sidewalks in a condition reasonably clear of ice for tenants and their employees. Defendants contend that this duty did not continue after the mall closed at 5:00 p.m. because Odin could not reasonably be expected to keep the sidewalks clear of ice at such a time and it did not know of the hazard to plaintiff. However, the record does not support the defendants' contention.
Although McFadden distributed a notice to tenants concerning the early mall closing, Odin knew or should have known that not every customer or employee would be out of the building by 5 p.m., and so would need to use the sidewalks after that time. The mall security guard testified that other tenants, in addition to H & R Block, continued to serve those customers who had entered their stores before the 5 p.m. closing.
Odin's knowledge that the outside walkways continued to be used after closing is illustrated by the fact that the back service doors were left unlocked for a period of time after the mall closed to accommodate tenants and their employees who needed to leave and re-enter the mall. This practice continued on the day of the accident, because the rear service door was unlocked at 5:30 p.m. when the plaintiff arrived at the mall. McFadden also acknowledged that he was aware of H & R Block employees' "history" of remaining in the office after the mall had closed to finish paperwork. Thus, Odin's duty to clear ice from the sidewalks encompassed the risk that employees would slip and be injured while entering or leaving the building after the mall had closed.
Several witnesses testified that they did not observe any indication that salt had been applied to the area where plaintiff fell. Odin asserts that it lacked the personnel to effectively clear ice from the mall parking lot and sidewalks. However, there was testimony that on the date of the accident, a maintenance worker remained on the premises for some time after the mall closed. It is not unreasonable to expect Odin to have instructed this worker to apply salt to the area around and leading toward the back service doors, which were the only available exits after the main mall entrances were locked.
The plaintiff has presented prima facie evidence showing that ice located on the sidewalk created an unreasonably dangerous condition, and that Odin's failure to discover and take reasonable measures to remove the ice was a breach of the duty owed to plaintiff as an employee of the tenant, and was a substantial factor in bringing about her fall and injury. The testimony demonstrated that Odin's inaction was a cause-in-fact of plaintiff's harm. At this point, plaintiff had established her case by a preponderance of the evidence.
After reviewing the record and considering the foregoing circumstances, we conclude that the trial court was clearly wrong in granting the motion for involuntary dismissal. Accordingly, we reverse that part of the judgment dismissing plaintiff's claims against Odin and its liability insurer and remand this case for further proceedings.

Indemnification Claim
H & R Block contends the trial court erred in granting Odin's motion for summary judgment and in ordering H & R Block to indemnify and defend Odin against any claims in this action. H & R Block argues that it is not liable for indemnification under the lease because plaintiff's accident did not occur on the leased premises. Summary judgment should be granted when the pleadings, depositions and interrogatories, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Paragraph 7 of the lease agreement between Odin (lessor), and H & R Block (lessee), provides that the lessee shall indemnify, defend and save harmless the lessor from *966 any and all claims or liability resulting from the lessee's act or omission, and the lessee's use or occupancy of the premises. A lessee cannot be held liable on the basis of his lease for injuries occurring outside of the leased premises. May v. Acadiana Regional Airport, 562 So.2d 47 (La.App. 3rd Cir.1990).
In the present case, the lessee agreed to lease specific space within the mall. The lessor maintained control of the parking area and sidewalks outside of the mall. Although the accident did not occur on the leased premises, Odin contends that the lessee must provide indemnity because plaintiff was injured in connection with the lessee's "use" of the premises. In support of its contention, Odin cites Billizone v. Winn Dixie, Inc., 521 So.2d 431 (La.App. 4th Cir.1988), where the court found that the lessee store was at fault for an accident that occurred in a grocery cart corral located in the common area of the shopping center. However, the factual situation in Billizone, supra, can be distinguished from that of the present case, in that the store exerted control over the corral area and the lease specifically provided indemnity to the landlord for accidents related to the use of the corral. Here, the lessee has not exercised such control over the sidewalk area.
In May v. Acadiana Regional Airport, supra, the airport sought indemnity from the lessee for injuries to an individual who fell on a stairway after repairing equipment in the leased premises. The court stated that liability exposure under the lease depends on the maintenance and control of the location where the injury is sustained. The court found that lessee did not have control of the stairway and thus could not be liable under the lease for injuries occurring outside of the leased premises.
Similarly in the present case, plaintiff was injured on the sidewalk, which was admittedly subject to the maintenance and control of the lessor. Odin failed to establish that H & R Block was liable for indemnity on the basis of the lease, because plaintiff was not injured on the leased premises. The evidence presented does not support a finding that Odin is entitled to judgment as a matter of law. Therefore, the district court erred in granting Odin's motion, and the summary judgment in favor of Odin and against H & R Block is reversed. This portion of the case is also remanded for further proceedings.

Employer's Liability in Tort
The plaintiff contends the trial court erred in granting H & R Block's motion for summary judgment, dismissing the tort claim against her employer. Generally, worker's compensation is the exclusive remedy of an employee who is injured in the course and scope of her employment. LSA-R.S. 23:1032. However, LSA-R.S. 23:1032(B) provides an exception to this tort immunity when the employee's injury is the result of an intentional act. An act is considered intentional whenever the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow. Substantial certainty has been interpreted to mean that the injury is inevitable or virtually sure to occur. Snow v. Lenox Internt'l, 27,533 (La.App. 2d Cir.11/1/95), 662 So.2d 818.
Here, the plaintiff does not contend that her employer intentionally caused her injuries, but that given H & R Block's knowledge of the hazardous weather conditions, her injury was certain to follow. The evidence presented at the hearing on summary judgment shows that plaintiff was acting in the course and scope of her employment when she was injured and that H & R Block did not demand that she report to work on the evening of the accident.
The evidence submitted in this case fails to demonstrate that plaintiff's injury was substantially certain to occur. Considering the parties' arguments and filings presented in regard to the motion, the district court correctly concluded that plaintiff's sole remedy was a claim for workers' compensation benefits. Therefore, the summary judgment granted in favor of H & R Block and against the plaintiff is affirmed. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, that part of the district court's judgment granting Odin's motion *967 for involuntary dismissal of plaintiff's claims is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion, including completion of the trial. The district court's summary judgment in favor of H & R Block and against the plaintiff is affirmed.
In the consolidated case, we reverse the summary judgment granted in favor of Odin and against its co-defendant, H & R Block. The case is remanded to the district court for further proceedings consistent with this opinion.
Costs of this appeal are assessed to the appellees, Odin Management, Inc., and U.S. Fire Insurance Company.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.