JjRROWN, J.
This slip and fall/premises liability case is before us once again. Initially, the trial court dismissed plaintiffs claims at the close of her evidence; however, a different panel of this court reversed and remanded for completion of trial: See Keller v. Odin Management, Inc., 30,682, 31,305 (La.App.2d Cir.08/19/98), 716 So.2d 962, writ denied, 98-2434 (La.01/08/99), 734 So.2d 1228. Deferring to this court’s previous opinion, the trial court assessed 50% blame for the accident to defendant, Odin Management, Inc. (Bossier Plaza Associates), and 50% fault to plaintiff, Reine Keller. Finding that defendant acted reasonably under the circumstances, we reverse.

Facts and Procedural Background

On February 1, 1996, unusual inclement weather hit North Louisiana. Early that day, an ice storm moved into the area and weather conditions worsened throughout the day. Announcements on television and radió advised the public to stay home if at all possible and many businesses, including Reine Keller’s regular employer, LSU Medical Center, were closed.
Pierre Bossier Mall, however, opened for business as usual the morning of February 1, 1996. The Mall management monitored weather conditions during the day and placed rock salt on the sidewalks around the shopping center. Unable to fight the onslaught of Mother Nature, the Mall management decided to close and at 2:00 p.m. notices were distributed to all tenants that the Mall would close at 5:00 p.m. due to the icy conditions.
In addition to her regular job at LSUMC, Mrs. Keller worked part-time at the H & R Block office in Pierre Bossier Mall. During the months of January through April, Mrs. Keller worked' evenings at H & R Block preparing tax returns. On the day of the ice storm, Mrs. Keller called H & R Block at about 5:00 p.m. and was told by her supervisor that although the Mall was closing early, the tax 1⅞service would remain open for business. Mrs. Keller’s supervisor advised her to use her own discretion, but noted that there were several customers waiting. Mrs. Keller, who lived a short distance from the shopping center, decided to report to work. She entered the Mall around 5:30 p.m. through a non-public service door used only by Mall employees when the main entrances were closed.
Two hours later, at 7:30 p.m., Mrs. Keller used the same service door to walk a customer out to the parking lot. When she turned to reenter the shopping center, walking over the same area she had just traversed, Mrs. Keller fell on a patch of ice *659 on the sidewalk, injuring her right arm and shoulder.
Thereafter, Mrs. Keller filed the instant action against Odin Management, Inc.(“the Mall”),[1] and its insurer, United States Fire Insurance Company, claiming that the Mall was negligent for failing to maintain its sidewalks in an ice-free condition and for failing to warn of the hazard presented by the icy accumulation on the walkways. Plaintiff also filed suit against her part-time employer, H & R Block Tax Services, Inc., claiming that an intentional act on its part caused her injuries and that her redress was thus in tort, not workers’ compensation.
The Mall filed a cross-claim against H & R Block seeking indemnification in accordance with a provision in H & R Block’s lease. The Mall filed separate motions for summary judgment on the main demand and on its cross-claim. H & R Block filed a motion for summary judgment seeking dismissal of plaintiffs tort claim. The trial court denied summary judgment on the main demand against the Mall, but granted summary judgment on the Mall’s cross-claim. The court also granted H & R Block’s motion for summary judgment, finding that plaintiffs exclusive remedy against her employer was in workers’ compensation.
| .¡During trial, at the close of plaintiffs case, the trial court granted the Mall’s motion for involuntary dismissal, finding that the Mall acted reasonably under the circumstances in closing and was not liable for plaintiffs injuries. Both plaintiff and H & R Block appealed.
A previous panel of this court affirmed the summary judgment in favor of H & R Block, reversed the summary judgment in favor of the Mall on its cross-claim, reversed the trial court’s dismissal of plaintiffs claims and remanded the matter for completion of trial on the main demand and cross-claim. See Keller, supra. Thereafter, trial was completed on March 8, 1999 and judgment was rendered on May 13, 1999. The trial court, deferring to but disagreeing with the appellate decision, found liability on the part of both the Mall and plaintiff, assigned 50% fault to each and awarded plaintiff damages in the amount of $9,487.50 ($18,974.81 reduced by 50%, the fault attributed to plaintiff). The Mall filed a motion for new trial which was denied by the trial court. This appeal ensued.

Discussion

In its first assignment of error, the Mall urges that plaintiffs claims should have been rejected by the trial court because the evidence shows that there was no negligence on the part of the Mall. Instead, appellant asserts that the sole legal cause of Mrs. Keller’s accident was her failure to avoid an open, obvious hazard.
Traditionally there are five elements that a plaintiff must establish to prove her negligence claim: 1) cause-in-fact; 2) duty; 3) breach of duty; 4) legal or proximate cause; and 5) actual damages. Roberts v. Benoit, 605 So.2d 1032 (La.1991). This concept of negligence provides a common language to be used in the analytical process.
Louisiana enacted a comparative negligence statute which reduces a plaintiffs recovery by the degree of her own fault. The victim’s own recklessness |4is an affirmative defense that must be shown by the defendant. We should be careful not to merge victim’s fault into the elements of plaintiffs prima facie case of negligence. The existence of a duty should not be confused with a breach of that duty or comparative negligence. That the risk was obvious has been subsumed into the comparative fault scheme. Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988), Weaver v. Valley Elec. Membership Corp., 615 So.2d 1375 (La.App. 2d Cir.1993).
*660 Specifically, in this case, the Mall, in the maintenance of its premises, owed a duty commensurate with ordinary and reasonable care under the circumstances, i.e. the exercise of ordinary and reasonable care in maintaining its sidewalks and parking lot during the severe weather conditions precipitated by the ice storm.
The three concurring views in the two justice opinion of a divided supreme court in Pitre v. Louisiana Tech University, 95-1446, 95-1487 (La.05/10/96), 673 So.2d 585, U.S. cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996) are instructive.
In Pitre, a Tech student suffered serious injures when he struck a light pole while sledding down a campus hill following an unusual winter snow storm. The plurality opinion in Pitre was careful to avoid defining the defendant’s initial duty in terms of, the plaintiffs actual knowledge. Quoting from Murray v. Ramada Inns, supra, the court stated that a defendant’s duty should not turn on a particular plaintiffs state of mind, but instead should be determined by the standard of care that the defendant owes to all potential plaintiffs, because to do otherwise would inject the assumption of the risk doctrine into the analysis “through the backdoor,” and would result in a total bar to the plaintiffs recovery.
Ultimately, the two-justice opinion concluded that the likelihood of harm was minimal because the light pole was obvious and apparent to those sledding on the hill that evening and because the associated risks were Well known. The court | (¡further found that the cost of prevention would have been great and concluded that the condition of the premises was not unreasonably dangerous and that Tech owed “no duty” to the plaintiff.
Three of the seven justices participating in the Pitre case concurred in the result, but found that the pivotal issue in the analysis was not the existence of a duty, but the breach of a duty. The concurring opinion stated that a “no duty” defense generally applies when there is a rule excluding liability as to whole categories of claimants or claims under any circumstances, whereas in the usual case where the duty owed depends on the circumstances of the particular case,- the analysis of the defendant’s conduct should be done in terms of “no liability” or “no breach of duty.” The concurring justices concluded that while Tech had a duty to act reasonably in view of foreseeable risks of danger to students resulting from the winter storm, Tech acted reasonably under the circumstances.
Finally, in Pitre, two justices dissented. The dissenting opinion stated that the plaintiffs negligence did not eliminate the university’s duty to warn against sledding at the dangerous site and concluded that the court of appeal was correct in assigning comparative fault figures to the plaintiff and the, university.
The critical inquiry thus becomes whether the Mall acted reasonably vis-a-vis Mrs. Keller. Under its operating agreement, the Mall is required to keep its sidewalks “reasonably clear from ice, debris, snow and trash.” As pointed out by appellant, obviously, this provision applies mainly to those times of day when the Mall is open for business. In response to the icy weather conditions, on February 1, 1996, the date of Mrs. Keller’s accident, mall maintenance employees spread salt on sidewalks and the parking lot several times throughout the day. In fact, the paved surfaces Outside the mall were last salted around 5:00 p.m.
Recognizing that salt was insufficient to prevent the development of further icy conditions, the Mall decided to close early and distributed notices to all tenants | (jadvising them that the Mall would be shutting down at 5:00 p.m. At that time, the main entrances of the Mall were locked and customers and employees cleared out within 30 minutes of closing. Notwithstanding this court’s previous opinion to the contrary, we find that under the facts and circumstances of this case, the Mall *661 acted reasonably and thus did not breach its duty of care to Mrs. Keller.
Furthermore, if blame is to be assigned it would lie primarily with Mrs. Keller and to a smaller extent with her employer. Two and one-half hours after the Mall had been closed due to increasingly bad weather conditions, Mrs. Keller, an employee of the only business which remained open in spite of the Mali’s notice to all merchants of its early closing, slipped and fell on a patch of ice on a sidewalk leading to a nonpublic service entrance.
Although every other occupant of the Mall had closed in response to worsening weather conditions, as well as a number of other businesses and governmental agencies, Mrs. Keller’s part-time employer remained open. Although she was informed of the Mall’s closing and H & R Block’s decision to continue to service customers, Mrs. Keller was not required to report to work. Instead, the decision was hers to make. Fully cognizant of the potential hazards associated with the severe winter weather, Mrs. Keller nonetheless chose to work that evening.
Mrs. Keller noted at trial that there was sufficient lighting for her to have seen ice on the sidewalk had she been looking. We would have found that the sole cause of Mrs. Keller’s injuries was her poor judgment and inattentiveness while traversing the sidewalk upon which she slipped and fell. See Dickson v. Wal-Mart Stores, Inc., 535 So.2d 800 (La.App. 2d Cir.1988). If anyone else must share the fault it would be her employer who urged her to work.
Based upon our determination that the Mall was not at fault in causing plaintiffs injuries, we do hot reach appellant’s remaining assignments of error.

17Conclusion

For the reasons set forth above, the judgment of the trial court is reversed and plaintiff-appellee’s claims are dismissed. Costs of this appeal are assessed to plaintiff-appellee, Reine Keller.
Before NORRIS, C.J., and BROWN, STEWART, PEATROSS and KOSTELKA, JJ..

. During trial, an oral motion filed by Odin Management, Inc., was granted (without prejudice to plaintiff) to reflect defendant’s true name as Bossier Plaza Associates.