ON REHEARING
| MORRIS, Chief Judge, dissenting with reasons.
In our earlier decision, Keller v. Odin Management, Inc., 31,305 (La.App. 2d Cir.8/19/98), 716 So.2d 962, writ denied, 98-2434 (La.1/8/99), 734 So.2d 1228, we reversed a grant of involuntary dismissal on the grounds that Ms. Keller- made a prima facie showing that the mall owed her a duty and that a breach of that duty was a. cause-in-fact of her harm. Id. at 965. On remand, the trial court considered all -the evidence and concluded, as specific findings of fact, that the mall.had indeed breached its duty to Ms. Keller and ascribed 50% fault to both her and the mall.
The trial court’s conclusion is amply supported by the record. Ms. Keller’s employer, H & R Block, was not the only mall business open at the time of the accident; in fact, the mall was aware that many tenants routinely remained open after the mall officially closed, including several on this day in particular. Mr. McFadden, the mall manager, admitted that the mall had a contractual responsibility to maintain the sidewalk Ms. Keller slipped on as long as the theater was open, and that it was open at the time of the accident. Notably, mall security took no affirmative action to remove tenants from the mall after 5 p.m. and left employee entrances unlocked. In light of this record, it is virtually impossible to view the trial judge’s conclusion as unreasonable or clearly wrong— a necessity if the trial court is to be reversed under our jurisprudence. Theriot v. Lasseigne, 93-2661 (La.7/5/94), 640 So.2d 1305, 1313; Stobart v. State, Through DOTD, 617 So.2d 880, 883 (La.1993).
In addition to overruling our earlier decision, the majority opinion inexplicably disregards the trial court’s reasoned con- *662 elusion and merely substitutes its own appreciation of the arguments and evidence over that of the trial judge. If there are two permissible views of the evidence, however, the trial judge’s choice between them cannot be manifestly erroneous or clearly wrong. Theriot, supra; \9Stobart, supra. In fact, it is well-settled that an appellate court cannot set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, even if the appellate court feels that its own evaluations are more reasonable, or that it would have decided the case differently had it-been siting as trier of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Housley v. Cerise, 579 So.2d 973 (La.1991); Stobart, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989); Lewis v. State, 94-2370 (La.4/21/95), 654 So.2d 311; Bell v. USAA Cas. Ins. Co., 30,172 (La.App. 2d Cir.1/21/98), 707 So.2d 102, writ denied, 718 So.2d 433 (La.1998). Unfortunately, the majority opinion makes no mention of the manifest error standard of review at all and fails to articulate those facts, if any, that make the trial court clearly wrong. As such, I would grant the rehearing and affirm the trial court.