813 So.2d 1114 (2002)
BOSSIER PLAZA ASSOCIATES, et al., Plaintiffs-Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Defendant-Appellee.
No. 35,741-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*1115 Mayer, Smith & Roberts, L.L.P., by Steven E. Soileau, Shreveport, for Appellants.
Lunn, Irion, Salley, Carlisle & Gardner, by J. Martin Lattier, Shreveport, for Appellee.
Before NORRIS, C.J., and GASKINS and CARAWAY, JJ.
GASKINS, J.
This appeal concerns the failure of an insurer to defend an additional named insured in a personal injury lawsuit. The additional named insured, Bossier Plaza Associates, appeals from a trial court judgment in favor of the insurer, National Union Fire Insurance Company. We affirm.

FACTS
Bossier Plaza Associates is the owner of Pierre Bossier Mall in Bossier City. It apparently managed the mall through the Odin Management Corporation. H & R *1116 Block Eastern Tax Services, Inc., was a mall tenant. The lease agreement between Bossier Plaza Associates and H & R Block required that the lessee carry insurance coverage and provided for indemnification of the lessor by the lessee. The contract provided, in relevant part:
6. Insurance: Lessee shall, at its full cost and expense, procure and continue in force, during the term of this Lease Agreement, comprehensive general liability insurance with contractual liability endorsement relating to the Premises covering any and all claims for injuries to persons or upon the Premises and insuring the Indemnity Agreement contained in Paragraph 5 hereof. Such insurance shall be single limit coverage in an amount not less than One Million ($1,000,000.00) Dollars. Lessee shall also carry property damage insurance in an amount of not less than One Hundred Thousand ($100,000.00) Dollars for damage to property arising out of any one occurrence. Any insurance policies required hereunder shall name Lessor, and any designees of Lessor, as an additional insured and Lessee shall furnish evidence of such insurance coverage prior to occupancy of the Premises.
7. Indemnity: Lessee shall indemnify, defend and save harmless the Lessor from and against any and all claims and/or liability resulting from act or omission of Lessee and/or Lessee's use or occupancy of the Premises. ...
[Emphasis added][1]
H & R Block had a policy from National Union which provided coverage to Bossier Plaza Associates as an additional insured. The policy's general insuring agreement stated, in pertinent part:
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result....
b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"....
The "definitions" section of the policy defines "coverage territory" as meaning:
a. The United States of America (including its territories and possessions), Puerto Rico and Canada;
b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or
c. All parts of the world if:
(1) The injury or damage arises out of:
(a) Goods or products made or sold by you in the territory described in a. above; or
(b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and
(2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.
*1117 The policy contained the following endorsement pertaining to "additional insuredmanagers or lessors of premises":
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
Schedule
1. Designation of Premises (Part Leased to You): All Locations
2. Name of Person or Organization (Additional Insured): As [required] by contract....
WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:
This insurance does not apply to:
1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule. [Emphasis added.]
On February 1, 1996, during an ice storm, the mall opened for business but decided to close at 5:00 p.m. due to problems with ice. Reine Keller, a part-time H & R Block employee, called in at 5:00 p.m. and was told by her supervisor that, even though the mall was closing, their business would remain open. However, she was told to use her own judgment in deciding whether to come in. She reported for work at 5:30 p.m. At 7:30 p.m., after walking a customer to the parking lot, Ms. Keller fell on an icy outside sidewalk. She injured her shoulder and arm.
Ms. Keller sued H & R Block, Odin Management, Inc., and its insurer U.S. Fire Insurance Company.[2] Odin filed a cross-claim against H & R Block, seeking indemnification under the lease contract. The trial court granted summary judgment in Odin's favor on the cross-claim. When the matter went to trial, an involuntary dismissal was rendered against Ms. Keller at the conclusion of her case. The trial court found that Odin had acted reasonably in closing the mall and it was not responsible for Ms. Keller's injury which arose from H & R Block's continued operation. Ms. Keller and H & R Block both appealed.
In Keller v. Odin Management, Inc., 30,682 & 31,305 (La.App.2d Cir.8/19/98), 716 So.2d 962, writ denied, 98-2434 (La.1/8/99), 734 So.2d 1228, this court reversed the trial court judgment granting Odin's motion for involuntary dismissal and remanded for further proceedings. The summary judgment in favor of Odin and against H & R Block on the cross-claim was also reversed and remanded. We further affirmed a summary judgment in favor of H & R Block which found that Ms. Keller's recourse against her employer lay in worker's compensation.
On the issue of indemnity, we stated as follows, 716 So.2d at 965-966:
Paragraph 7 of the lease agreement between Odin (lessor), and H & R Block (lessee), provides that the lessee shall indemnify, defend and save harmless the lessor from any and all claims or liability *1118 resulting from the lessee's act or omission, and the lessee's use or occupancy of the premises. A lessee cannot be held liable on the basis of his lease for injuries occurring outside of the leased premises. May v. Acadiana Regional Airport, 562 So.2d 47 (La.App. 3rd Cir. 1990).
In the present case, the lessee agreed to lease specific space within the mall. The lessor maintained control of the parking area and sidewalks outside of the mall. Although the accident did not occur on the leased premises, Odin contends that the lessee must provide indemnity because plaintiff was injured in connection with the lessee's "use" of the premises. In support of its contention, Odin cites Billizone v. Winn[-]Dixie, Inc., 521 So.2d 431 (La.App. 4th Cir. 1988), where the court found that the lessee store was at fault for an accident that occurred in a grocery cart corral located in the common area of the shopping center. However, the factual situation in Billizone, supra, can be distinguished from that of the present case, in that the store exerted control over the corral area and the lease specifically provided indemnity to the landlord for accidents related to the use of the corral. Here, the lessee has not exercised such control over the sidewalk area.
In May v. Acadiana Regional Airport, supra, the airport sought indemnity from the lessee for injuries to an individual who fell on a stairway after repairing equipment in the leased premises. The court stated that liability exposure under the lease depends on the maintenance and control of the location where the injury is sustained. The court found that lessee did not have control of the stairway and thus could not be liable under the lease for injuries occurring outside of the leased premises.
Similarly in the present case, plaintiff was injured on the sidewalk, which was admittedly subject to the maintenance and control of the lessor. Odin failed to establish that H & R Block was liable for indemnity on the basis of the lease, because plaintiff was not injured on the leased premises. The evidence presented does not support a finding that Odin is entitled to judgment as a matter of law....
On remand, the trial was completed. Deferring tobut disagreeing withthis court's decision, the trial court rendered judgment assessing fault of 50 percent to both Ms. Keller and the mall. Ms. Keller received $9,487.40 in damages, or 50 percent of $18,974.81. A motion for new trial filed by the mall was denied. The matter was then appealed to this court again. In Keller v. Odin Management, Inc., 33,300 (La.App.2d Cir.5/10/00), 762 So.2d 657, writs denied, 2000-2144 & 2000-2152 (La.10/6/00), 771 So.2d 81, we reversed, holding that the mall acted reasonably under the circumstances and did not breach its duty of care to Ms. Keller. We noted that the sole cause of her injuries was her own poor judgment and inattentiveness while traversing the sidewalk. We further observed that if anyone shared fault with her, it would be "her employer who urged her to work."
In the midst of this litigation, Bossier Plaza Associates finally learned that H & R Block had complied with its lease obligation to secure insurance naming the lessor as an additional named insured. However, the insurerNational Union refused to defend Bossier Plaza Associates or acknowledge coverage or liability. Consequently, Bossier Plaza Associates and its insurer, U.S. Fire Insurance Company, filed the instant suit in August 1999, seeking full indemnity and/or contribution from National Union, as well as defense costs *1119 and attorney fees. (At the time this suit was filed, the judgment against Bossier Plaza Associates had not yet been reversed on appeal.) National Union answered the suit, claiming that its policy did not provide liability coverage for Ms. Keller's accident.
The matter was submitted to the trial court on briefs and exhibits. The trial court found in favor of National Union. Bossier Plaza Associates and U.S. Fire Insurance Company appealed the dismissal of their claims.

LAW
The duty to defend and coverage are separate and distinct issues. Dennis v. Finish Line, Inc., 93-0638 (La.App. 1st Cir.3/11/94), 636 So.2d 944, writ denied, 94-1652 (La.10/7/94), 644 So.2d 636. Generally, an insurer's duty to defend suits against its insured is broader than its liability for damage claims. The duty to defend is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Vaughn v. Franklin, XXXX-XXXX (La.App. 1st Cir.3/28/01), 785 So.2d 79, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 969; Matheny v. Ludwig, 32,288 (La.App.2d Cir.9/22/99), 742 So.2d 1029; Leon Lowe & Sons, Inc. v. Great American Surplus Lines Insurance Company, 572 So.2d 206 (La.App. 1st Cir.1990). If the allegations made against the insured, taken as true, would result in liability on the part of the insured that is unambiguously not covered by the policy, then the insurer has no duty to defend. Otherwise the insurer must provide a defense for its insured regardless of the final outcome of the underlying suit. Rovira v. LaGoDa, Inc., 551 So.2d 790 (La.App. 5th Cir.1989), writ denied, 556 So.2d 36 (La.1990). If an insurer breaches its obligation to defend its insured, it is liable in damages for the attorney fees and costs the insured incurs in defending the suit. Leon Lowe & Sons, Inc. v. Great American Surplus Lines Insurance Company, supra.
An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988).
An insurance contract is to be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another. If there is an ambiguity in a policy, then that ambiguity should be construed in favor of the insured and against the insurer. However, courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language. Pareti, supra.
In construing insurance policies, considerations should be given to the fact that the insurer has the right to limit its contracted liability. When this limitation is expressed unambiguously in its coverage exclusions, courts will enforce the provisions as written. Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La. App. 3d Cir.1972).

DISCUSSION
The issue of indemnity under the lease provisions has already been resolved adversely to Bossier Plaza Associates in the first Keller v. Odin opinion. To the extent that indemnity may be an issue here, we consider our prior decision controlling.
The language found in the endorsement of the National Union policy *1120 expands coverage to an additional insured "only with respect to liability arising out of the ... use of that part of the premises leased to you...." Since the record before us does not contain Ms. Keller's original petition for damages, it is difficult to judge whether it "unambiguously excludes coverage." However, both of our prior opinions state that she alleged that the mall was negligent for not maintaining its sidewalks in an ice-free condition or warning of the hazard. Given the restrictive policy language and the petition's apparent language about Ms. Keller being injured on the mall's icy outside sidewalk, it appears that the policy unambiguously excluded coverage in the instant case. Thus, National Union was justified in its refusal to defend Bossier Plaza Associates and the trial court did not err in rendering judgment in its favor.

CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.
NORRIS, C.J., concurs in the result.
NOTES
[1] Although Paragraph 6 refers to Paragraph 5 as setting forth the indemnity agreement, this appears to be an error. Paragraph 5 of the lease concerning percentage rent has been marked out of this contract and the indemnity provisions are actually found in Paragraph 7.
[2] Later in the proceedings, "Odin" moved to have the record reflect that its true name was Bossier Plaza Associates. Thus, we use "Bossier Plaza Associates," "Odin" and "the mall" interchangeably.